IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| STEVEN MILLER,<br>                Plaintiff,<br><br>v.<br><br>CREDIT BUREAU COLLECTION<br>SERVICES, INC., d/b/a CBCS, and<br>VERIZON WIRELESS (VAW) LLC,<br>d/b/a VERIZON WIRELESS,<br><br>                Defendants. | CIVIL ACTION NO. 1:12-cv-1152<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

**NATURE OF ACTION**

1.  This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq.*, and the North Carolina Debt Collection Act ("NCDCA"), N.C. Gen. Stat. § 75-50 *et seq*.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendants transact business in this district.

1

## PARTIES

4. Plaintiff, Steven Miller ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina, County of Rowan, and City of Spencer.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3), N.C. Gen. Stat. § 58-70-90(2), and N.C. Gen. Stat. § 75-50(1).

6. Defendant, Credit Bureau Collection Services, Inc. d/b/a CBCS ("CBCS"), is an entity which at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and N.C. Gen. Stat. § 58-70-90(3).

7. CBCS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. CBCS is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

9. Defendant, Verizon Wireless (VAW) LLC, d/b/a Verizon Wireless ("Verizon"), is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of directly or indirectly attempting to collect a "debt" from Plaintiff, as defined by N.C. Gen. Stat. § 75-50(2).

10. Verizon is a "debt collector" as defined by N.C. Gen. Stat. § 75-50(3).

## FACTUAL ALLEGATIONS

11. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than CBCS—

2

namely Verizon.

12. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely personal telephone services.

13. Defendants use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

14. Prior to February 2011, Defendants began trying to collect an alleged debt from Plaintiff.

15. Plaintiff, via his counsel, sent written correspondence dated February 8, 2011 to CBCS, and in such correspondence notified CBCS that Plaintiff was represented by counsel with respect to the alleged debt, stating in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(See February 8, 2011 Correspondence, attached as Exhibit A).

16. Upon information and good-faith belief, CBCS received Plaintiff's notice of representation on or about February 18, 2011.

17. Plaintiff, via his counsel, sent written correspondence dated June 28, 2011 to Verizon, and in such correspondence notified Verizon that Plaintiff was represented by counsel with respect to the alleged debt, stating in relevant part:

> Please be advised that this office represents the above-named individual regarding the aforementioned account.
>
> Having been formally notified of our representation, we respectfully demand you not contact our client for any reason. Instead, please direct all future contact and correspondence to this office and in fact consider this letter express and unequivocal revocation of any permission our client may have provided you to call them.

(See June 28, 2011 Correspondence, attached as Exhibit B)

18. Despite knowledge that Plaintiff was represented by counsel, in connection with the collection of the same debt, CBCS, itself and on behalf of Verizon, sent Plaintiff written communication dated August 31, 2012 demanding payment. (See August 31, 2012 Correspondence, attached hereto as Exhibit C).

19. Plaintiff's counsel did not consent to any direct communication with Plaintiff.

20. At no time did Plaintiff's counsel fail to respond within a reasonable period of time to a communication from Defendants.

4

# COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)
## CBCS

21. Plaintiff repeats and re-alleges each and every factual allegation above.

22. CBCS violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly after learning that Plaintiff was represented by counsel, when an attempt to contact Plaintiff's counsel had not been made, or Plaintiff's counsel was not given sufficient time to respond to an initial attempt to communicate, and where no permission had been given to contact Plaintiff directly.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CBCS violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

5

## COUNT II
## VIOLATION OF N.C. GEN. STAT. § 58-70-115(3)
## CBCS

23. Plaintiff repeats and re-alleges each and every factual allegation above.

24. CBCS violated N.C. Gen. Stat. § 58-70-115(3) by communicating with Plaintiff when CBCS had been notified by Plaintiff's attorney of Plaintiff's representation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that CBCS violated N.C. Gen. Stat. § 58-70-115(3);

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

# COUNT III
## VIOLATION OF N.C. GEN. STAT. § 75-55(3)
## VERIZON

25. Plaintiff repeats and re-alleges each and every factual allegation above.

26. Verizon violated N.C. Gen. Stat. § 75-55(3) by communicating with Plaintiff, other than a statement of account used in the normal course of business, when Verizon had been notified by the Plaintiff's attorney that Plaintiff was represented.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Verizon violated N.C. Gen. Stat. § 75-55(3).

b) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 75-56(b)(ii);

c) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 75-56(b)(i);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

27.     Plaintiff is entitled to and hereby demands a trial by jury.

DATED this 26th day of October, 2012.

>Respectfully submitted,
>
>/s/ Holly E. Dowd
>Holly E. Dowd (N.C. Bar No. 37533)
>Weisberg & Meyers, LLC
>409A Wakefield Dr.
>Charlotte, NC 28209
>(888) 595-9111 ext. 260
>(866) 565-1327 (fax)
>hdowd@attorneysforconsumers.com
>
>ATTORNEYS FOR PLAINTIFF
>
>*Please send correspondence to the address below*
>
>Holly E. Dowd
>***Weisberg & Meyers, LLC***
>5025 N. Central Ave. #602
>Phoenix, AZ 85012